**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, _____ SINCLAIR OIL CORPORATION, Plaintiff-Appellant, v. ONEOK ENERGY SERVICES COMPANY, L.P., Defendant-Appellee. | No. 17-16925 D.C. Nos. 2:03-cv-01431-RCJ-PAL 2:06-cv-00282-PMP-PAL MEMORANDUM[*] |
| In re: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, _____ SINCLAIR OIL CORPORATION, Plaintiff-Appellant, v. EPRIME, INC. and XCEL ENERGY, INC., | No. 17-16926 D.C. Nos. 2:03-cv-01431-RCJ-PAL 2:06-cv-00267-RCJ-PAL |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 12, 2018
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and LEMELLE,[**] District Judge.

Sinclair Oil Corporation claims in these consolidated actions that defendant natural gas traders ePrime, Inc., Xcel Energy, Inc., and OneOK Energy Services violated state antitrust laws by manipulating retail prices of natural gas. Concluding that the class action settlement in *In re Natural Gas Commodity Litigation*, No. 03-CV-06186-VM (S.D.N.Y. May 24, 2006) ("the NYMEX settlement") barred Sinclair's claims, the district court granted summary judgment in favor of Defendants. We have jurisdiction over Sinclair's appeal under 28 U.S.C. § 1291 and reverse.

1. "The interpretation of a settlement agreement, like that of a contract, is a question of law subject to de novo review . . . ." *Pekarsky v. Ariyoshi*, 695 F.2d 352, 354 (9th Cir. 1982). The NYMEX litigation, in which Sinclair was a class member,

---

[**] The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

involved alleged price manipulation in natural gas futures and options contracts traded on the New York Mercantile Exchange. The settlement agreement released all claims by class members, including state-law antitrust claims,

> arising from or relating in any way to trading in NYMEX Natural Gas Contracts (including purchasing, selling, or holding any NYMEX Natural Gas Contract, or taking or making delivery of physical natural gas pursuant to any NYMEX Natural Gas Contract, or any combination thereof, whether as a hedger or speculator), whether or not asserted in the Action, . . . .

The NYMEX settlement agreement does not release Sinclair's claims in these actions. The agreement covers only claims "arising from" or "relating" to "trading in NYMEX Natural Gas Contracts," which are defined in the settlement as "any commodity futures (including any option thereon), basis, or swap contract related to natural gas that was traded on NYMEX, or any combination thereof, that was transacted or settled during the Class Period." The transactions at issue in these cases did not involve such trading; rather, they were direct retail purchases by Sinclair of gas from Defendants. The NYMEX settlement only extends to claims involving delivery of physical natural gas "pursuant to any NYMEX Natural Gas Contract;" and the gas at issue in these cases was not delivered pursuant to such contracts. The fact that the same collusive conduct that gave rise to the claims in the NYMEX case may have also affected the prices of retail purchases (whose prices were pegged to the NYMEX index) does not bring those retail purchases within the ambit of the settlement.

2. Nor does the doctrine of claim preclusion bar Sinclair's claims. "A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998). We therefore look to the terms of the settlement agreement, rather than general principles of res judicata, to determine the preclusive effect of the judgment in the NYMEX action. Because the settlement agreement covers only claims arising from or relating to purchases of physical natural gas pursuant to NYMEX Natural Gas Contracts, it does not preclude Sinclair's claims in these cases. *See also Reorganized FLI, Inc. v. OneOK, Inc.* (*In re W. States Wholesale Nat. Gas Antitr. Litig.*), 725 F. App'x 560 (9th Cir. 2018) (rejecting argument that NYMEX settlement precluded suit by retail buyers of natural gas).

**REVERSED and REMANDED.**[1]

---

[1]  Sinclair's motions for judicial notice, **Dkt. 36** (No. 17-16925) and **Dkt. 35** (No. 17-16926), are **GRANTED.** Sinclair's motions for summary reversal, **Dkt. 33** (No. 17-16925) and **Dkt. 32** (No. 17-16926), are **DENIED.**